**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DERISSA DAVIS and JENNIFER JOHNSON,** ) <br> **on behalf of themselves and all other persons** ) <br> **similarly situated, known and unknown,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **A SURE WING, LLC, DIVERSIFIED** ) <br> **RESTAURANT HOLDINGS, INC. and AMC** ) <br> **WINGS, INC.** ) <br> ) <br> **Defendants.** ) <br> Defendants | **Case No.  15-cv-1384-SCW** <br><br> **Magistrate Judge Stephen C. Williams** |

**INDEX OF EXHIBITS TO**
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL**
**APPROVAL OF SETTLEMENT AGREEMENT FOR CLASS AND COLLECTIVE**
**ACTION CLAIMS AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Affidavit of Kelly Kratz Regarding Notice and Settlement Administrative Activities Completed
As of December 19, 2016 ..................................................................................................................1

Declaration of Douglas M. Werman ...............................................................................................2

Proposed Order ...............................................................................................................................3

# EXHIBIT 1

IN THE UNITED STARTES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERISSA DAVIS and JENNIFER JOHNSON, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Cause No. 15-cv-1384-SCW ) ) |
| v. | ) ) |
| A SURE WING, LLC, DIVERSIFIED RESTAURANT HOLDINGS, INC. and AMC WINGS, INC. | ) ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT OF KELLY KRATZ
### REGARDING NOTICE AND SETTLEMENT ADMINISTRATIVE ACTIVITIES
### COMPLETED AS OF DECEMEBR 19, 2016

I, Kelly Kratz, being duly sworn and deposed, say:

1.      I am a Principal at Dahl Administration, LLC ("Dahl"), a nationally-recognized firm that provides notice and claims administration services for class actions involving product liability, insurance, fraud, property, employment and discrimination. I have experience in all areas of settlement administration including notification, claims processing and distribution.

2.      Dahl is the Settlement Administrator for the above-captioned action and is responsible for carrying out the terms of the *Settlement Agreement for Class and Collective Action Claims* ("Settlement Agreement") as ordered by the Court in its *Order Preliminarily Approving Class Action Settlement, Scheduling Hearing for Final Approval and Approving the Form of Class Notice* dated August 29, 2016. I am responsible for supervising the services provided by Dahl with respect to this settlement. I have personal knowledge of the facts stated herein.

3.      I submit this Affidavit to inform the parties and the Court of settlement administration activities completed to date. This Affidavit describes: (i) mailing of the Class Action Settlement Notice ("Notice Packet") to identified Class Members, (ii) receipt, tracing and re-mailing of undeliverable Notice

Packets and processing of notice requests, (iii) receipt and processing of Objections; (iv) receipt and processing of exclusion requests; and (v) settlement administration fees.

## DISSEMINATION OF NOTICE

4.      In accordance with the Settlement, the Defendants provided Dahl with an Excel file of 1,991 records identified as class members on August 28, 2016.  Dahl reviewed the list and consolidated thirty-nine (39) records based on records with the same social security number.  Dahl also removed one (1) class member that had no contact information or social security number.  The Final Class Member mailing list contained 1,951 unique individual records ("Class List") which included each class member's name, last known address, and social security number.

5.      In order to obtain the most current mailing address for Class Members, Dahl processed the Class List addresses through the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"). This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.  A total of five hundred ninety (590) addresses were found and updated via NCOA.

6.      On September 26, 2016 the Notice Packet was mailed via USPS first class mail to 1,951 class members, with an objection, exclusion and comment deadline of 49 days, or November 14, 2016.  A copy of the Notice Packet is attached hereto as Exhibit A.  For each Class Member, the Notice included an estimated Settlement Payment that the individual was expected to receive.  The average gross Settlement payment is $301.36; the largest gross Settlement payment is $1,986.28; and the minimum Settlement payment is $25.00.  In addition to the Notice, interested Class Members could obtain additional information from Class Counsel. Ex. A.

## UNDELIVERABLE NOTICES AND NOTICE REQUESTS

7.      As of December 19, 2016, of the 1,951 Notices mailed, three hundred fifty-six (356) Notice Packets were returned as undeliverable and were sent to a professional address search firm for tracing. An

updated address was received for three hundred twenty-one (321) class members and Notice Packets were re-mailed to the updated address. Updated addresses could not be found for thirty-five (35) and therefore a Notice Packet could not be re-mailed. Of the three hundred twenty-one (321) Notice Packets re-mailed to a traced address, thirty-one (31) were subsequently returned as undeliverable.

    8.    As of December 19, 2016, four (4) Notice Packets were returned as undeliverable with a forwarding address. Dahl re-mailed the Notice Packet to the forwarding address and none of these four (4) Notice Packets were returned as undeliverable.

## RECEIPT AND PROCESSING OF OBJECTIONS

    9.    As of December 19, 2016, Dahl has received zero (0) objections to the settlement from Class Members.

## RECEIPT AND PROCESSING OF EXCLSUION REQUESTS

    10.    As of December 19, 2016, Dahl has received zero (0) requests for exclusion from Class Members to the settlement.

## ADMINISTRATION FEES

    11.    Dahl's estimated total Settlement Administration Cost is $12,901.00. This covers all settlement administration services performed to date and settlement administration activities remaining, including distribution of payments and penalty reporting.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this _17th_ day of December, 2016, in Minneapolis, Minnesota.


Kelly Kratz
Principal
Dahl Administration, LLC


Sworn to and Subscribed before me this _27th_ day of December, 2016.


Notary Public

JOANNA ARTIG
Notary Public
State of Minnesota
My Commission Expires
January 31, 2019

4

# EXHIBIT A

# NOTICE OF CLASS ACTION SETTLEMENT
*Davis, et al. v. A Sure Wing, LLC, et al.,* Case No. 15-cv-1384

A settlement has been preliminarily approved in a class action lawsuit filed against A Sure Wing, LLC, Diversified Restaurant Holdings, Inc. and AMC Wings, Inc. (collectively "A Sure Wing") called *Davis, et al. v. A Sure Wing, LLC, et al.,* Case No. 15-cv-1384. The lawsuit alleges that A Sure Wing failed to pay minimum wages to their Illinois and Missouri servers and bartenders from December 18, 2012 to June 29, 2015 for Illinois employees, and from May 20, 2013 to June 29, 2015 for Missouri employees (the Class Period).

You are receiving this notice because A Sure Wing's records reflect that you are a class member. A Sure Wing has agreed to pay $600,000.00 to settle this action. This notice explains your options. You may: (i) do nothing and get a share of the settlement; (ii) exclude yourself from the settlement and not receive a share; or (iii) object to the settlement. The U.S. District Court for the Southern District of Illinois has authorized this notice. Before any money is paid, the Court will have a hearing to decide whether to approve the settlement.

## Who Is Included in the Settlement?

This class action and settlement includes all persons employed by A Sure Wing in Illinois or Missouri who were paid the sub-minimum tip credit rate of pay who were identified by name in the time and payroll data produced by A Sure Wing on June 7, 2016, and only for time periods contained in the data, or from December 18, 2012 to June 29, 2015 for Illinois employees, and from May 20, 2013 to June 29, 2015 for Missouri employees.

## What Is this Lawsuit About?

The lawsuit claimed that A Sure Wing violated the tip-credit provisions of state and federal law minimum wage law because it required servers and bartenders to perform improper types, and excessive amounts, of non-tipped work while paying them the sub-minimum tip credit wage rate. A Sure Wing denies that there is any truth to these claims, and further denies that Diversified Restaurant Holdings, Inc. and AMC Wings, Inc., should be held liable under a successor liability theory. You can learn more about the case, by obtaining a detailed notice or by reviewing the Settlement Agreement, by contacting Plaintiffs'

counsel, Werman Salas, P.C. at 312-419-1008, or by calling the Claims Administrator at **1-888-755-9508.**

## What does the Settlement Provide?

The parties estimate that about $376,100 will be available for distribution to class members. **Your estimated recovery in this settlement is ▆▆▆▆ in unpaid minimum wages and ▆▆▆▆ in penalties, liquidated and other non-wage recovery damages.** For a full explanation of how the payments were calculated, please see Section V.8 of the Settlement Agreement. You may request a copy of the Settlement Agreement from Plaintiffs' counsel, Werman Salas, P.C. at 312-419-1008, or the Settlement Administrator at **1-888-755-9508.**

Unless you exclude yourself from the settlement as explained below, you will release and forever discharge all claims you have against A Sure Wing under state and local law arising out of the same facts that form the basis of the claims that were asserted in the lawsuit. If you endorse your Settlement Check you also will release any claims you have against A Sure Wing under the federal Fair Labor Standards Act ("FLSA") arising out of the same facts that form the basis of the claims that were asserted in the lawsuit. Class Representatives Davis and Johnson and certain Opt-In Plaintiffs who participated in discovery will provide A Sure Wing with a release of all claims they have against A Sure Wing arising from their employment with, treatment at, wages from, or separation of employment from A Sure Wing.

## What Are Your Options?

(1) If you wish to participate in the settlement and receive a settlement award, do nothing. A check will be mailed to you.

(2) If you do not want to be legally bound by the settlement, you must exclude yourself by **November 14, 2016.** To do so, you must mail your written request for exclusion to the Claims Administrator at the address below and provide your name, address, telephone number and last four digits of your Social Security Number. If you exclude yourself, you will not receive money from this settlement, but you will retain your legal

rights regarding any claims that you may have for unpaid minimum wages.

(3) You may also object to the settlement by **Novmber 14, 2016. You may not object to the Settlement if you exclude yourself.** If you want to object to the Settlement, you must mail a written statement to both the Clerk of the Court and the Claims Administrator by **November 14, 2016.** No class member shall be entitled to be heard at the Final Approval hearing or to object to the settlement, unless written notice of the Class Member's intention to appear has been mailed to the Clerk of the Court and the Claims Administrator by **November 14, 2016.**

For a full explanation of how to exclude yourself from the settlement or object to the settlement, please see Section V.14 of the Settlement Agreement. You may review the Settlement Agreement by contacting Plaintiffs' Counsel or the Settlement Administrator at

| Settlement Administrator: | Plaintiffs' Counsel: |
|---|---|
| **Davis v A Sure Wing Settlement c/o Dahl Administration**<br><br>**PO Box 3613 Minneapolis, MN 55403-0613**<br><br>**1-888-755-9508** | **Douglas M. Werman Zachary C. Flowerree Werman Salas P.C. 77 West Washington Street, Suite 1402 Chicago, IL 60602 (312) 419-1008** |

### How do I update my Contact Information?

You must notify the Claims Administrator of any changes in your mailing address so that your settlement award will be sent to the correct address. To update your mailing address, contact the Claims Administrator, identified above.

### When is the Final Approval Hearing?

The Court will hold a hearing in this case on January 6, 2017, on the third floor of the U.S. District Court, 750 Missouri Avenue, East St. Louis, IL 62201 at 9:30 a.m, to consider, among other things, (1) whether to approve the settlement; (2) a request by the lawyers representing all class members to an award of no more than $200,000.00 in attorneys' fees and no more than $3,000 in costs for litigating the case

and negotiating a settlement; (3) a request for $5,000 each as a Service Payment to the two Class Representatives for their service to the Class in initiating and pursuing the litigation; and (4) a request for $500 each as Service Payments to two Opt-In Plaintiffs who were instrumental in prosecuting this Action.

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DERISSA DAVIS and JENNIFER JOHNSON, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | Case No.   15-cv-1384-SCW |
| v. | ) ) ) | Magistrate Judge Stephen C. Williams |
| A SURE WING, LLC, DIVERSIFIED RESTAURANT HOLDINGS, INC. and AMC WINGS, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

### DECLARATION OF DOUGLAS M. WERMAN

I, Douglas M. Werman, declare and state under penalty of perjury, the following:

1.  I am a member in good standing of the Illinois State Bar and am the managing shareholder of Werman Salas P.C.

2.  All the facts stated herein are true and correct and are within my personal knowledge.

3.  I submit this declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement for Class and Collective Action Claims, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement.

**My Experience and the Experience of Other Members of My Firm**

4.  Class Counsel's experience is set forth in detail in the Declaration of Douglas M. Werman filed August 19, 2016, Exhibit A to Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement for Class and Collective Action Claims, Appointment of

1

Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement, and is not repeated herein. See ECF 54-1, at 3-11.

**The Litigation**

5.     The factual and procedural background of the litigation and the Settlement terms are set forth in detail in Plaintiffs' Memorandum of Law In Support of Plaintiffs' Motion for Preliminary Approval of Settlement Agreement for Class and Collective Action Claims, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement, and is not repeated here. See ECF 54, at 1-9.

**The Class Representatives and Opt-in Plaintiffs Desiree Gilmore and Jennifer Taylor Were Critical to the Resolution of the Claims and are Entitled to Service Payment**

6.     Class Counsel seeks Service Awards for Class Representatives Derissa Davis and Jennifer Johnson in the amount of $5,000.00 each. The Class Representatives made substantial contributions to the outcome of this case, and these Service Awards are well deserved. The Class Representatives started the litigation, answered written discovery, provided detailed sworn declarations, and provided information and substantial assistance to Class Counsel throughout the course of the litigation, including participating in efforts to resolve this case. Without the efforts of the Class Representatives, the Settlement would not have been achieved to the benefit of absent Class Members. As a result of those efforts and the results achieved, the Service Awards are fully justified.

7.     Class counsel further seeks Service Awards for Opt-in Plaintiffs Desiree Gilmore and Jennifer Taylor in the amount of $500.00 each. Opt-in Plaintiffs Gilmore and Jennifer Taylor made substantial contributions to the outcome of this case, and these Service Awards are well

deserved. Opt-in Plaintiffs Gilmore and Taylor provided detailed sworn declarations, and provided information and substantial assistance to Class Counsel.

**Plaintiffs' Attorneys' Fees**

8.     Class Counsel executed a fee arrangement with the Named Plaintiffs that entitled Class Counsel to one-third of any recovery. Plaintiffs in this case could not have afforded to retain counsel on any basis other than a contingent fee. The fee arrangement provided that Plaintiffs' counsel would receive nothing if they ultimately failed to secure a monetary recovery for Plaintiff.   Class Counsel took the risk that they would obtain no recovery at all.

9.     In my experience, one-third of the common-fund is the customary and reasonable fee in wage and hour class and collective actions in this judicial district. *See, e.g., Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 WL 7018566, at *3 (N.D. Ill. Nov. 29, 2016) (In FLSA collective for overtime pay, awarding one-third of $6,000,000 common fund as attorneys' fees); *McDonnell v. Groupon, Inc.*, Case No. 14-9028, ECF No. 100 (N.D. Ill. Nov. 11, 2016) (awarding one-third of $2,500,000 common fund in FLSA and IMWL collective and class action for owed overtime pay); *Romo v. Manpower, Inc.*, Case No. 09 C 3429, ECF No. 249 (N.D. Ill.) (awarding one-third of $8,000,000 common fund in IWPCA vacation pay forfeiture class action); *Ortiz v. Manpower*, Case No. 12 C 5248, ECF No. 63 (N.D. Ill.) (awarding requested 30% of $11,000,000 common fund); *O'Toole v. Sears Roebuck, and Co.*, Case No. 11 C 4611, ECF 274 (awarding one-third of $5,000,000 common fund); *Beatty v. Capital One Financial Corporation*, Case No. 12-cv-434, ECF No. 75 (N.D. Ill.) (awarding one-third of $3,200,000 in FLSA collective action); *Williams v. Volt Management Corp*, Case No. 10 C 3927, ECF No. 52 (N.D. Ill.) (awarding one-third of $2,500,000 common fund in IWPCA vacation pay forfeiture class

3

action); *Hardaway v. Employbridge of Dallas, Inc., et al.,* Case No. 11 C 3200, ECF No. 73 (N.D. Ill.) (awarding one-third of $1,500,000.00 common fund in IWPCA, IDTLSA, and IMWL unpaid wage class action); *Peraza v. Dominick's Finer Foods, LLC,* Case No. 11 C 8390, ECF No. 52 (N.D. Ill.) (awarding one-third of $1,450,000 common fund in IMWL overtime pay class action); *Rosales v. The Placers, Ltd.,* Case No. 09 C 1706, ECF No. 162 (N. D. Ill.) (awarding one-third of $1,650,000 common fund in IWPCA vacation pay forfeiture class action); *Schmidt v. Smith & Wollensky LLC*, Case No. 09-2752, ECF No. 78 (N.D. Ill) (awarding one-third of common fund in IMWL minimum wage and overtime pay case); *Rosales v. The Placers, Ltd.,* Case No. 09 C 1706, ECF No. 162 (N. D. Ill.) (awarding one-third of $1,650,000 common fund in IWPCA vacation pay forfeiture class action); *Rusin v. Chicago Tribune Company,* No. 12 C 1135, ECF No. 41 (N.D. Ill.) (awarding one-third of common fund in IMWL class action).

10.     In light of Class Counsel's expertise, skill, and typical contingent fee arrangement, and the excellent result obtained in this case, the requested percentage of the Settlement Fund is reasonable.

**Opinion of Counsel**

11.     Based on my extensive experience litigating wage and hour class and collective action lawsuits, like this one, I believe the settlement reached in this case is fair and provides substantial compensation to Plaintiffs, Class Members, and Opt-in Plaintiffs without the attendant risks and delay of continued litigation. Assuming that the Settlement Class spent 35% of their total time in non-tipped occupation while being paid the sub-minimum tip credit wage, the Settlement provides for 42.77% forfeiture of the tip credit wage. Or stated another way, the Settlement provides for a 42.77% of the maximum wage loss suffered by Class Members.

4

12.     Moreover, the other than for Named Plaintiffs and Opt-in Plaintiffs Desiree Gilmore and Jennifer Taylor, the release required from Class Members to participate in the settlement is limited – not general – in nature. This means that the substantial amounts allocated to each Class Member constitute consideration solely for claims actually asserted and resolved by the lawsuit; any other claims that Class members may have (e.g., discrimination, wrongful discharge and the like) are unaffected.

**Litigation Expenses and Costs**

13.     My firm has also incurred slightly more than $3,000 in reasonable litigation expenses (filing fees, postage, copying, and Westlaw) since the inception of this case.

14.     I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

Dated: December 29, 2016

DOUGLAS M. WERMAN

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DERISSA DAVIS and JENNIFER JOHNSON,** | ) |
| **on behalf of themselves and all other persons** | ) |
| **similarly situated, known and unknown,** | ) |
| | ) **Case No.  15-cv-1384-SCW** |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Magistrate Judge Stephen C. Williams** |
| | ) |
| **A SURE WING, LLC, DIVERSIFIED** | ) |
| **RESTAURANT HOLDINGS, INC. and AMC** | ) |
| **WINGS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER GRANTING FINAL APPROVAL

This Court having granted Preliminary Approval of the Settlement Agreement for Class and Collective Action Claims in the above-captioned matter on August 29, 2016, ECF No. 55, having reviewed Plaintiffs' Motion for Final Approval of Settlement Agreement for Class and Collective Action Claims and For an Award of Attorneys' Fees and Costs and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated August 29, 2016 (ECF No. 55), and defined as follows:

> All persons employed by A Sure Wing in Illinois or Missouri who were paid the sub-minimum tip credit rate of pay who were identified by name in the time and payroll data produced by Defendants on June 7, 2016, and only for time periods contained in the data, or from December 18, 2012 to June 29, 2015 for Illinois employees, and from May 20, 2013 to June 29, 2015 for Missouri employees.

2. The Court finds that the Settlement Class satisfies the requirements of Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action. The Court finally certifies the Settlement Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the Hearing on Final Approval regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of additional resources available for further information, including phone number of Class Counsel from whom Class Members could access additional information and documents regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement.

5. The Court further finds that with regard to the FLSA claims, which include Fair Labor Standards Act ("FLSA") claims possessed by Class Members and those persons who previously filed consents to opt-in to this collective action lawsuit, the proposed settlement is a fair and reasonable resolution of the *bona fide* dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration

of litigation; the stage of the proceedings; the risks of establishing liability and/or damages; the risks of maintaining the Action through trial; the range of reasonableness of the settlement fund in light of the best possible recovery; and the range of reasonableness of the settlement fund in light of all the risks of litigation.  All persons in the Settlement Class who cash a Settlement Check shall also be opting in to become a party to the case under the FLSA.

6.     The Gross Settlement Amount of Six-Hundred Thousand Dollars ($600,000.00), as set forth in the Settlement Agreement, is a fair, reasonable and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendants, all of whom have significant experience representing parties in complex class actions. The absence of any objections to the Settlement by the Class Members likewise supports approval of the Settlement.  Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

7.     Within fourteen (14) days of this Order, Defendants shall transfer the Gross Settlement Fund of Six-Hundred Thousand Dollars ($600,000.00) to the Settlement Administrator.

8.     Class Members shall each receive their ratable shares of the Net Settlement Fund in accordance with the calculations provided for in the Settlement Agreement.

9.     The Court approves the Service Awards to Derissa Davis and Jennifer Johnson in the amount of Five Thousand Dollars ($5,000.00) each, to be paid for their time and effort spent conferring with Class Counsel, filing and pursuing the Action, answering written discovery, producing documents, providing a sworn declaration, participating in efforts to resolve this case,

and in recovering compensation on behalf of all Class Members. Within fourteen (14) days of receiving the Gross Settlement Fund, the Settlement Administrator will send a check to Plaintiffs' Counsel issued to Derissa Davis and Jennifer Johnson, each, for their Service Awards. No taxes will be withheld from the Service Award.

10.     The Court approves the Service Award to Opt-In-Plaintiffs Jennifer Taylor and Desiree Gilmore in the amount of Five Hundred Dollars ($500.00) each, to be paid for their time and effort spent conferring with Class Counsel, providing a sworn declaration, and in recovering compensation on behalf of all Class Members. Within fourteen (14) days of receiving the Gross Settlement Fund, the Settlement Administrator will send a check to Plaintiffs' Counsel issued to Opt-In-Plaintiffs Jennifer Taylor and Desiree Gilmore for their Service Awards.  No taxes will be withheld from the Service Award.

11.     Within fourteen (14) days of receiving the Settlement Fund of Six-Hundred Thousand Dollars ($600,000.00), the Settlement Administrator will deliver to Class Counsel: (i) a check issued to Derissa Davis for Plaintiff's Service Award, (ii) a check issued to Jennifer Johnson for Plaintiff's Service Award, (iii) a check issued to Jennifer Taylor for Opt-In Plaintiff's Service Award, and (iv) a check issued to Desiree Gilmore for Opt-In Plaintiff's Service Award.  Also, within fourteen (14) days after receiving the Settlement Fund, the Settlement Administrator shall mail all Class Members their settlement checks from the Net Settlement Award Funds.  Class Counsel is awarded one-third ($^1/_3$) of the Gross Settlement Fund, or Two-Hundred Thousand Dollars ($200,000.00) in attorneys' fees and Three Thousand Dollars ($3,000.00) in costs. Plaintiffs' request for one-third of the settlement in attorneys' fees is consistent with the market for class action settlements within the Seventh Circuit. *Briggs v. PNC Financial Services, Inc.*, 2016 WL 7018566, at *4 (N.D. Ill. Nov. 29, 2016). "Courts routinely

hold that one-third of a common fund is an appropriate attorney's fees award in class action settlement, including wage and hour settlements. *Id.*, citing, *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, 2016 WL 5109196, at *3 (N.D. Ill. Sept. 16, 2016) (granting request for one-third of the settlement fund for attorneys' fees plus costs); *Watson*, No. 15 Civ. 11881 (N.D. Ill. July 11, 2016) (St. Eve, J.), ECF No. 34, 39 (same); *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599-600 (7th Cir. 2005) (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the settlement fund); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of fund); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 842 (N.D. Ill. 2015) (awarding fees on one-third common fund); *Goldsmith v. Tech. Solutions Co.*, 1995 WL 17009594, at *7-8 (N.D. Ill. Oct. 10, 1995) (same and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery"); 3 Alba Conte *et al.*, *Newberg on Class Actions* § 14.6 (4th ed. 2002) ("[F]ee awards in class actions average around one-third of the recovery[.]").

12.    The Settlement Administrator shall pay Class Counsel these attorneys' fees and costs within fourteen (14) days of receiving the Gross Settlement Fund from Defendants.

13.    The deadline for Plaintiffs and Class Members to cash settlement checks shall be one hundred and twenty (120) days from the date the Settlement Administrator mails settlement payments to Class Members. Any uncashed or unclaimed checks will be retained by A Sure Wing, and the Settlement Administrator shall tender to A Sure Wing any such uncashed or unclaimed funds.

14.    The Court further orders that all Class Members who did not timely exclude themselves from the Settlement fully release and discharge Defendants from any and all claims that were asserted in this action and as set forth in the Settlement Agreement.

15.    The Court grants final approval of the Settlement and dismisses this case without prejudice, to automatically convert to a dismissal with prejudice on March 7, 2017. Until March 7, 2017, this Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

ORDERED this _____ day of January, 2017 in East St. Louis, Illinois

_____

THE HONORABLE STEPHEN C. WILLIAMS
UNITED STATES MAGISTRATE JUDGE