IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERISSA DAVIS and JENNIFER JOHNSON, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> A SURE WING, LLC, DIVERSIFIED RESTAURANT HOLDINGS, INC. and AMC WINGS, INC. <br><br> Defendants. | ) ) ) ) ) Case No. 15-cv-1384-SCW ) ) ) ) Magistrate Judge Stephen C. Williams ) ) ) ) ) ) ) |

## ORDER GRANTING FINAL APPROVAL

This Court having granted Preliminary Approval of the Settlement Agreement for Class and Collective Action Claims in the above-captioned matter on August 29, 2016, ECF No. 55, having reviewed Plaintiffs' Motion for Final Approval of Settlement Agreement for Class and Collective Action Claims and For an Award of Attorneys' Fees and Costs and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated August 29, 2016 (ECF No. 55), and defined as follows:

> All persons employed by A Sure Wing in Illinois or Missouri who were paid the sub-minimum tip credit rate of pay who were identified by name in the time and payroll data produced by Defendants on June 7, 2016, and only for time periods contained in the data, or from December 18, 2012 to June 29, 2015 for Illinois employees, and from May 20, 2013 to June 29, 2015 for Missouri employees.

2. The Court finds that the Settlement Class satisfies the requirements of Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action. The Court finally certifies the Settlement Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the Hearing on Final Approval regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of additional resources available for further information, including phone number of Class Counsel from whom Class Members could access additional information and documents regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement.

5. The Court further finds that with regard to the FLSA claims, which include Fair Labor Standards Act ("FLSA") claims possessed by Class Members and those persons who previously filed consents to opt-in to this collective action lawsuit, the proposed settlement is a fair and reasonable resolution of the *bona fide* dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration

of litigation; the stage of the proceedings; the risks of establishing liability and/or damages; the risks of maintaining the Action through trial; the range of reasonableness of the settlement fund in light of the best possible recovery; and the range of reasonableness of the settlement fund in light of all the risks of litigation.  All persons in the Settlement Class who cash a Settlement Check shall also be opting in to become a party to the case under the FLSA.

6. The Gross Settlement Amount of Six-Hundred Thousand Dollars ($600,000.00), as set forth in the Settlement Agreement, is a fair, reasonable and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendants, all of whom have significant experience representing parties in complex class actions. The absence of any objections to the Settlement by the Class Members likewise supports approval of the Settlement.  Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

7. Within fourteen (14) days of this Order, Defendants shall transfer the Gross Settlement Fund of Six-Hundred Thousand Dollars ($600,000.00) to the Settlement Administrator.

8. Class Members shall each receive their ratable shares of the Net Settlement Fund in accordance with the calculations provided for in the Settlement Agreement.

9. The Court approves the Service Awards to Derissa Davis and Jennifer Johnson in the amount of Five Thousand Dollars ($5,000.00) each, to be paid for their time and effort spent conferring with Class Counsel, filing and pursuing the Action, answering written discovery, producing documents, providing a sworn declaration, participating in efforts to resolve this case,

and in recovering compensation on behalf of all Class Members. Within fourteen (14) days of receiving the Gross Settlement Fund, the Settlement Administrator will send a check to Plaintiffs' Counsel issued to Derissa Davis and Jennifer Johnson, each, for their Service Awards. No taxes will be withheld from the Service Award.

10. The Court approves the Service Award to Opt-In-Plaintiffs Jennifer Taylor and Desiree Gilmore in the amount of Five Hundred Dollars ($500.00) each, to be paid for their time and effort spent conferring with Class Counsel, providing a sworn declaration, and in recovering compensation on behalf of all Class Members. Within fourteen (14) days of receiving the Gross Settlement Fund, the Settlement Administrator will send a check to Plaintiffs' Counsel issued to Opt-In-Plaintiffs Jennifer Taylor and Desiree Gilmore for their Service Awards. No taxes will be withheld from the Service Award.

11. Within fourteen (14) days of receiving the Settlement Fund of Six-Hundred Thousand Dollars ($600,000.00), the Settlement Administrator will deliver to Class Counsel: (i) a check issued to Derissa Davis for Plaintiff's Service Award, (ii) a check issued to Jennifer Johnson for Plaintiff's Service Award, (iii) a check issued to Jennifer Taylor for Opt-In Plaintiff's Service Award, and (iv) a check issued to Desiree Gilmore for Opt-In Plaintiff's Service Award. Also, within fourteen (14) days after receiving the Settlement Fund, the Settlement Administrator shall mail all Class Members their settlement checks from the Net Settlement Award Funds. Class Counsel is awarded one-third ($1/3$) of the Gross Settlement Fund, or Two-Hundred Thousand Dollars ($200,000.00) in attorneys' fees and Three Thousand Dollars ($3,000.00) in costs. Plaintiffs' request for one-third of the settlement in attorneys' fees is consistent with the market for class action settlements within the Seventh Circuit. *Briggs v. PNC Financial Services, Inc.*, 2016 WL 7018566, at *4 (N.D. Ill. Nov. 29, 2016). "Courts routinely

hold that one-third of a common fund is an appropriate attorney's fees award in class action settlement, including wage and hour settlements. *Id.*, citing, *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, 2016 WL 5109196, at *3 (N.D. Ill. Sept. 16, 2016) (granting request for one-third of the settlement fund for attorneys' fees plus costs); *Watson*, No. 15 Civ. 11881 (N.D. Ill. July 11, 2016) (St. Eve, J.), ECF No. 34, 39 (same); *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599-600 (7th Cir. 2005) (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the settlement fund); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of fund); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 842 (N.D. Ill. 2015) (awarding fees on one-third common fund); *Goldsmith v. Tech. Solutions Co.*, 1995 WL 17009594, at *7-8 (N.D. Ill. Oct. 10, 1995) (same and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery"); 3 Alba Conte *et al.*, *Newberg on Class Actions* § 14.6 (4th ed. 2002) ("[F]ee awards in class actions average around one-third of the recovery[.]").

12. The Settlement Administrator shall pay Class Counsel these attorneys' fees and costs within fourteen (14) days of receiving the Gross Settlement Fund from Defendants.

13. The deadline for Plaintiffs and Class Members to cash settlement checks shall be one hundred and twenty (120) days from the date the Settlement Administrator mails settlement payments to Class Members. Any uncashed or unclaimed checks will be retained by A Sure Wing, and the Settlement Administrator shall tender to A Sure Wing any such uncashed or unclaimed funds.

14. The Court further orders that all Class Members who did not timely exclude themselves from the Settlement fully release and discharge Defendants from any and all claims that were asserted in this action and as set forth in the Settlement Agreement.

15.     The Court grants final approval of the Settlement and dismisses this case without prejudice, to automatically convert to a dismissal with prejudice on March 7, 2017. Until March 7, 2017, this Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

ORDERED this 6th day of January, 2017 in East St. Louis, Illinois

*/s/ Stephen C. Williams*
THE HONORABLE STEPHEN C. WILLIAMS
UNITED STATES MAGISTRATE JUDGE